McIlvaine, C. J.
If the testimony, admitted by the court below, was properly before the court, there can be no doubt that the finding by the district court upon which the petition was dismissed was contrary to the evidence. The controlling question therefore is, was it competent to show by parol testimony that lot number two was not appraised or offered for sale in the proceeding to foreclose set forth in the record? But before looking into the parol proof, how does the record evidence stand? That the property was appraised and sold by the acre is clear. The successful bid was $165 per acre; the gross sum paid was $4,324.65 ; the number of acres in lot one was 26.21, which, multiplied *558 by $165, give the exact product of $4,324.65. It' follows from this calculation that if lot two, separated from lot one by a street and containing 29.25 acres, was also sold, there was not any thing paid for it. That lot two was not appurtenant to lot one is clear, and that the value, of the niortgagor’s iiiterest therein was included in the appraised value of lot one, or in the bid of $165 per acre, for which lot one was sold, is not affirmed by any thing appearing in the record, and that it would have been irregular to have so included it, leads us fairly to the conclusion that neither the sheriff who sold, nor the purchaser under whom the defendants claim, could have intended or understood that lot two was embraced in the sale. Purther than this, the sheriff'reports that he had appraised and advertised “the within described lot or parcel of land” — “containing 26.21 acres.” True, he adds to the report of the sale of lot one, “ also all his (Stites) interest, present and prospective, in lot two of said plat or subdivision.” Thkt this addition was made by mistake is scarcely susceptible of a doubt from the face of the record, and is made entirely clear by the parol testimony, that lot two, or any interest therein, was not appraised, and that in point of fact lot one and that only was offered for sale and struck off at $165 per acre.
We can see no objection to the admission of parol testimony to prove such mistake. And it being shown that lot number two was not sold, nor was any consideration paid or intended to be paid therefor, the subsequent confirmation of the report and deed in pursuance thereof were not effectual in equity to pass an indefeasible title to the grantee.
Of course, this decision is not intended to depart from the well-established doctrine that the title of a purchaser at a judicial sale who has paid a consideration for his purchase can not be attacked collaterally for irregularities.
Judgment of district court reversed, and decree for plaintiffs.